ALFONSO SANTANA RODRÍGUEZ, peticionario y apelante, *v.* IGNACIO PIÑERO, SUPERINTENDENTE CAMPAMENTO ZARZAL, demandado y apelado.

Número: 12918     Resuelto: 23 de noviembre de 1962

*Angel Luis Saavedra,* abogado de oficio designado por el Tribunal Supremo, abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Jorge Segarra Olivero, Procurador General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: El peticionario-apelante radicó el presente recurso de hábeas corpus en la Sala de Bayamón del Tribunal Superior alegando que fué procesado y sentenciado sin la debida asistencia legal. A él se le denunció por acometimiento y agresión grave y por portar armas, un machete, y hallado culpable se le sentenció a cumplir seis meses de cárcel en cada caso. Del récord, incluyendo las constancias del Tribunal de Distrito, surge que después de algunos señalamientos se llamaron los casos para vista el 16 de noviembre de 1960, fecha en que compareció el acusado y quedó citado en corte abierta para otra vista posterior a efectuarse el 8 de diciembre de 1960. Pendientes estas denuncias, aparece que el peticionario sufrió un accidente del trabajo en que se fracturó la cara y estuvo recluido en el Professional Building por espacio de dos meses y medio. Al llamarse los casos el 8 de diciembre el acusado, aquí peticionario, no compareció. Un testigo informó que él estaba trabajando en algún sitio y el Tribunal ordenó al márshal que lo produjera en corte. El márshal se personó en el lugar en que el peticionario trabajaba y de allí lo condujo al Tribunal y se le juzgó.

Mientras declaraba el peticionario en la vista de hábeas corpus se le retiró a petición del Fiscal quien expuso a la Sala que entre el 16 de noviembre y el 8 de diciembre, fecha del juicio, una señora había ido ante el Juez sentenciador, Hon. Juan Colón, para suplicarle que suspendiera el caso ya que él [el acusado] "tenía necesidad de localizar a unos testigos". Vuelto a Sala, el Fiscal le interrogó: "P.—¿Es decir, que allá en noviembre 16 de 1960 usted sabía ya que su juicio era para diciembre 8, pero en el interín que usted se enfermó, entre la fecha de noviembre 16 y diciembre 8, en que se iba a celebrar el juicio dice usted que se enfermó y recuerde a ver si usted mandó a una señora para hablar con el Señor Juez para suspender este caso de diciembre 8 ya que usted alegaba que estaba enfermo y que además necesitaba que se le citaran unos testigos?" A esto

el peticionario contestó afirmativamente, y que esa señora era la madrina suya. Más tarde a preguntas de la Sala dijo que gestionaba la suspensión porque estaba enfermo de lo mismo del golpe. ▪

. . La prueba sobre ciertos hechos básicos fue controvertible. El peticionario declaró que le dijo al Juez que él podía poner su abogado y el Juez le nombró al Lcdo. Sotomayor; que conversó como 10 minutos diciéndole que no estaba preparado para entrar a juicio; el abogado le dijo que entrara; que no le preguntó si tenía testigos ni si podía pagar un abogado, que él insistió en que tenía testigos; que él había recibido un accidente tremendo y casi estaba medio malo de eso; que le dijo al letrado que estaba trabajando para poner su abogado; que a base de lo que le explicó cree que el abogado lo defendió bien, y que al gestionar su madrina la suspensión él estaba enfermo del golpe. El Lcdo. Sotomayor, por otra parte, dijo que no recordaba las palabras del peticionario cuando decía que no tenía abogado; que no podía asegurar si dijo que no tenía abogado porque lo habían traído del trabajo y que quería poner uno; que conferenció con el acusado alrededor de 15 minutos y éste le explicó; que si mal no recordaba, le dijo que no tenía testigos. No tenemos el beneficio del criterio de la Sala sentenciadora en cuanto al conflicto de prueba porque la Sala no hizo conclusiones de hecho. Del hecho de que declarara sin lugar el recurso, sin fundamentar el fallo, no debe inferirse necesariamente que no le pudo haber dado crédito al peticionario, ya que la determinación de si ha habido o no una adecuada asistencia legal es en último extremo una conclusión de derecho producto de la evaluación racional de toda una situación íntegra de hechos y circunstancias, que puede no estar circunscrita al ámbito del juicio en sí, ni estar limitada únicamente a las apreciaciones de testigos vertidas en el juicio. (¹)  Por otra parte, si

---

(¹) El Juez sentenciador quien estuvo presente durante la vista del recurso citado por el Fiscal, pudo haber ayudado a esclarecer estos hechos, pero no fue llamado a declarar.

bien es cierto que el letrado manifestó que se encontró preparado para entrar a juicio, ante situaciones específicas con que fue confrontado, por la Sala inclusive, su declaración deja entrever que tenía cierta duda en cuanto a lo apropiado de haber entrado a juicio en similares circunstancias. ■

No dudamos que dentro de las circunstancias el abogado defensor hiciera su mejor esfuerzo por dar la debida asistencia. No estamos convencidos, sin embargo, de si las circunstancias presentes permitían una adecuada defensa a pesar de los esfuerzos del abogado. No queremos decir con ello que en todo caso en que a un acusado se le nombre abogado en ocasión de entrar a juicio con más o menos un breve tiempo para éste prepararse, deba concluirse que no tuvo la debida asistencia legal. Aquí, el récord no demuestra con la necesaria certeza que este acusado no tuviera testigos que declararan a su favor. Por el contrario, tiende a demostrar que podían haber tales testigos. Posiblemente sin la ayuda legal, el acusado no era consciente que la ley le garantizaba los medios compulsorios para obtener la presencia de dichos testigos. ■.

Considerando todos los hechos y circunstancias que surgen del récord, el mismo no convence, con aquel grado de certeza que demanda el disfrute de un derecho constitucionalmente garantizado, que al peticionario se le juzgara y se le condenara en circunstancias que permitieran una adecuada defensa legal.

*Se revocará la sentencia apelada y se devolverá el caso a la Sala sentenciadora con instrucciones de que anule las sentencias condenatorias y devuelva el caso al Tribunal de Distrito para que el peticionario sea nuevamente juzgado.*